CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
C. PAMELA GÓMEZ (Bar No. 233848)
(E-Mail: Pamela_Gomez@fd.org)
AJAY V. KUSNOOR (Bar No. 273929)
(E-Mail: Ajay_Kusnoor@fd.org)
LAURA PAUL (Bar No. 329386)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
IOURI MIKHEL

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>IOURI MIKHEL, et al.,<br><br>Defendants. | No. CR 02-00220-MCS<br><br>**DEATH PENALTY CASE**<br><br>**DEFENDANT IOURI MIKHEL'S NOTICE OF GOVERNMENT'S WAIVER OF STATUTE OF LIMITATIONS APPLICABLE TO 28 U.S.C § 2255 MOTION UNTIL APRIL 7, 2023** |

Defendant Iouri Mikhel, by and through his counsel of record, gives notice of the government's waiver of its statute of limitations defense. In reliance on this waiver, Mr. Mikhel currently intends to file a motion for collateral relief under 28 U.S.C. § 2255 on or before April 7, 2023.

Under 28 U.S.C. § 2255(f)(1), Mr. Mikhel's motion for collateral relief was originally due on or before October 7, 2020. Via letters to defense counsel, the government previously agreed to waive the statute of limitations for a motion filed on or before October 7, 2022. (*See* Docs. 2381, 2385, 2406, 2414, 2417.) On August 4, 2022, the government agreed to an additional six-month waiver of the limitations period, to and including April 7, 2023. (*See* Ex. 1, attached.)

AEDPA's statute of limitations defense is non-jurisdictional and subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645-46 (2010); *United States v. Battles*, 362 F.3d 1195, 1196-97 (9th Cir. 2004). Thus, the defense can be waived. *Holland*, 560 U.S. at 645. The government's deliberate waiver of AEDPA's limitations defense is binding for the duration of the litigation, and a court may not override such a waiver. *See Day v. McDonough*, 547 U.S. 198, 202 (2006) ("we would count it an abuse of discretion to override a State's deliberate waiver of a limitations defense."); *Wood v. Milyard*, 566 U.S. 463 (2012) (Court of Appeals abused its discretion in *sua sponte* assessing a limitations defense, where the State had deliberately waived it).

While the government has waived its limitations defense for any motion filed on or before April 7, 2023, the government maintains that this Court lacks jurisdiction to enter an order for equitable tolling because defendants have not yet filed their motions for collateral relief. (Ex. 1 at 2-3; *see also* Doc. 2385 (clarifying government's position availability of equitable tolling)). Because the government has expressly waived its timeliness defense, Mr. Mikhel does not presently seek an order for equitable tolling, but he disputes the government's position that the Court lacks jurisdiction to enter a pre-petition tolling order. *See Calderon v. United States District Court (Beeler)*, 128 F.3d 1283, 1289 (9th Cir. 1997) (upholding district court's grant of prospective equitable tolling), *overruled*

1

*on other grounds in Calderon v. United States District Court (Kelly)*, 163 F.3d 530, 540 (9th Cir. 1998).

In light of the government's waiver, Mr. Mikhel currently intends to file his motion on or before April 7, 2023. However, given the uncertain course of the COVID-19 pandemic and ongoing impediments to international travel, in particular to the Russian Federation and adjacent areas, he may need to seek a further extension of time at a later date, either through a subsequent waiver of the limitations defense or an order for equitable tolling.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED:  August 4, 2022          By: /s/ *Ajay V. Kusnoor*
                                AJAY V. KUSNOOR
                                C. PAMELA GÓMEZ
                                LAURA PAUL
                                Deputy Federal Public Defenders

                                Attorneys for Defendant
                                IOURI MIKHEL

2

# EXHIBIT 1

Case 2:02-cr-00220-MCS   Document 2427   Filed 08/04/22   Page 4 of 7   Page ID #:14443



**U.S. Department of Justice**

*United States Attorney*
*Central District of California*

*Bram M. Alden*
*Assistant United States Attorney*
*Chief, Criminal Appeals Section*
*bram.alden@usdoj.gov*

*1000 United States Courthouse*
*312 North Spring Street*
*Los Angeles, California 90012*
*(213) 894-3898 (telephone)*

August 4, 2022

Ajay Kusnoor
Pamela Gomez
Deputy Federal Public Defenders
321 E. 2nd Street
Los Angeles, CA  90012

Timothy J. Foley, Esq.
1017 "L" Street
Number 348
Sacramento, CA  95814

Florence Patti
Jean Giles
Indiana Federal Community Defenders Inc.
111 Monument Circle Suite 3200
Indianapolis, IN  46204

Re:    *United States v. Iouri Mikhel and Jurijus Kadamovas*, C.D. Cal. No. 02-220-MCS—Fifth Agreement Regarding Timing of Initial 28 U.S.C. § 2255 Motions

This letter memorializes plaintiff United States of America's fifth agreement regarding the filing of 28 U.S.C. § 2255 motions by defendants Iouri Mikhel and Jurijus Kadamovas, challenging their convictions and death sentences imposed in C.D. Cal. Case No. 02-220-MCS.  By and through Assistant United States Attorney Bram M.

*United States v. Mikhel and Kadamovas,*
C.D. Cal. No. 02-220-MCS
August 4, 2022
Page 2 of 3

Alden, plaintiff agrees as follows:

- Under 28 U.S.C. § 2255(f)(1), defendants were required to file their motions to vacate, set aside, or correct their sentences on or before October 7, 2020—one year following the date on which their judgments of conviction became final.

- Via prior letters to defense counsel, plaintiff agreed to waive the October 7, 2020 statutory deadline through and including October 7, 2022, and not to invoke the timeliness bar so long as defendants file their motions by October 7, 2022.

- Based on both (1) the exceptional complexity of this capital case—which resulted from a seven-month-long trial and generated thousands of pages of briefing and motions on direct appeal, and (2) defense counsel's good-faith representations regarding the effect of COVID-19-related restrictions and travel restrictions to Russia on their ability to complete and file their clients' motions by October 7, 2022, plaintiff agrees not to pursue, and to affirmatively waive, any statute of limitations defense pursuant to 28 U.S.C. § 2255(f)(1) for any § 2255 motion defendants file on or before April 7, 2023.

- The sole basis of this agreement is plaintiff's consent and waiver. Plaintiff maintains its right to object to any request for an extension of 28 U.S.C. § 2255(f)'s deadlines without the government's consent or waiver.  Plaintiff maintains that the district court has neither statutory authority nor jurisdiction to entertain requests for extension of § 2255(f)'s deadlines.  *See, e.g.*, *United States v. Asakevich*, 810 F.3d 418, 420 (6th Cir. 2016); *United States v. Leon*, 203 F.3d 162, 164 (2nd Cir. 2000); *United States v. Hernandez*, 431 Fed. Appx. 813, 814 (11th Cir. 2011); *United States v. White*, 257 Fed. Appx. 608, 609 (4th Cir. 2007);

*United States v. Mikhel and Kadamovas,*
C.D. Cal. No. 02-220-MCS
August 4, 2022
Page 3 of 3

> *United States v. McFarland*, 125 Fed. Appx. 573, 574 (5th Cir. 2005); *United States v. Moore*, 56 Fed. Appx. 686, 687 (6th Cir. 2003).

- Absent further written agreement, plaintiff maintains its right to dispute the timeliness of any § 2255 motion or supplement filed after April 7, 2023, and to dispute defendants' entitlement to equitable tolling.

Very truly yours,

STEPHANIE S. CHRISTENSEN
Acting United States Attorney


 /s/ *Bram M. Alden*

BRAM M. ALDEN
Assistant United States Attorney
Chief, Criminal Appeals Section