# EXHIBIT 1



**U.S. Department of Justice**

*United States Attorney*
*Central District of California*

*Bram M. Alden*
*Assistant United States Attorney*
*Chief, Criminal Appeals Section*
*bram.alden@usdoj.gov*

*1000 United States Courthouse*
*312 North Spring Street*
*Los Angeles, California 90012*
*(213) 894-3898 (telephone)*

March 7, 2023

Ajay Kusnoor
Pamela Gomez
Deputy Federal Public Defenders
321 E. 2nd Street
Los Angeles, CA  90012

Timothy J. Foley, Esq.
1017 "L" Street
Number 348
Sacramento, CA  95814

Florence Patti
Jean Giles
Indiana Federal Community Defenders Inc.
111 Monument Circle Suite 3200
Indianapolis, IN  46204

Re:  *United States v. Iouri Mikhel and Jurijus Kadamovas*, C.D. Cal.
     No. 02-220-MCS—Sixth Agreement Regarding Timing of Initial 28
     U.S.C. § 2255 Motions

     This letter memorializes plaintiff United States of America's sixth
agreement regarding the filing of 28 U.S.C. § 2255 motions by
defendants Iouri Mikhel and Jurijus Kadamovas, challenging their
convictions and death sentences imposed in C.D. Cal. Case No. 02-220-
MCS.  By and through Assistant United States Attorney Bram M.

**Ex. 1 - 1**

*United States v. Mikhel and Kadamovas,*
C.D. Cal. No. 02-220-MCS
March 7, 2023
Page 2 of 3

Alden, plaintiff agrees as follows:

- Under 28 U.S.C. § 2255(f)(1), defendants were required to file their motions to vacate, set aside, or correct their sentences on or before October 7, 2020—one year following the date on which their judgments of conviction became final.

- Via prior letters to defense counsel, plaintiff agreed to waive the October 7, 2020 statutory deadline through and including April 7, 2023, and not to invoke the timeliness bar so long as defendants file their motions by April 7, 2023.

- Based on both (1) the exceptional complexity of this capital case— which resulted from a seven-month-long trial and generated thousands of pages of briefing and motions on direct appeal, and (2) defense counsel's good-faith representations regarding the effect of COVID-19-related restrictions and travel restrictions to Russia on their ability to complete and file their clients' motions by April 7, 2023, plaintiff agrees not to pursue, and to affirmatively waive, any statute of limitations defense pursuant to 28 U.S.C. § 2255(f)(1) for any § 2255 motion defendants file on or before October 7, 2023.

- The sole basis of this agreement is plaintiff's consent and waiver. Plaintiff maintains its right to object to any request for an extension of 28 U.S.C. § 2255(f)'s deadlines without the government's consent or waiver.  Plaintiff maintains that the district court has neither statutory authority nor jurisdiction to entertain requests for extension of § 2255(f)'s deadlines.  *See, e.g.*, *United States v. Asakevich*, 810 F.3d 418, 420 (6th Cir. 2016); *United States v. Leon*, 203 F.3d 162, 164 (2nd Cir. 2000); *United States v. Hernandez*, 431 Fed. Appx. 813, 814 (11th Cir. 2011); *United States v. White*, 257 Fed. Appx. 608, 609 (4th Cir. 2007);

**Ex. 1 - 2**

*United States v. Mikhel and Kadamovas,*
C.D. Cal. No. 02-220-MCS
March 7, 2023
Page 3 of 3

> *United States v. McFarland*, 125 Fed. Appx. 573, 574 (5th Cir. 2005); *United States v. Moore*, 56 Fed. Appx. 686, 687 (6th Cir. 2003).

- Absent further written agreement, plaintiff maintains its right to dispute the timeliness of any § 2255 motion or supplement filed after October 7, 2023, and to dispute defendants' entitlement to equitable tolling.

Very truly yours,

E. MARTIN ESTRADA
United States Attorney

/s/ *Bram M. Alden*

BRAM M. ALDEN
Assistant United States Attorney
Chief, Criminal Appeals Section

**Ex. 1 - 3**