CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
C. PAMELA GOMEZ (Bar No. 233848)
(E-Mail: Pamela_Gomez@fd.org)
AJAY V. KUSNOOR (Bar No. 273929)
(E-Mail: Ajay_Kusnoor@fd.org)
LAURA PAUL (Bar No. 329386)
(E-mail: Laura_Paul@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Petitioner
IOURI MIKHEL

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>IOURI MIKHEL, et al,<br><br>Defendants. | NO. CR 02-00220-MCS<br><br>**DEATH PENALTY CASE**<br><br>**MOTION TO INSPECT AND DUPLICATE COURT RECORDS**<br><br>**DATE: September 25, 2023**<br>**TIME: 3:00 P.M.**<br>**COURT: Hon. Mark C. Scarsi**<br>**Courtroom 7C**<br>**350 W. First Street**<br>**Los Angeles. CA 90012** |

## MOTION TO INSPECT AND DUPLICATE COURT RECORDS

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that on September 25, 2023, at 3:00 p.m., before the Honorable Mark C. Scarsi, in Courtroom 7C, 350 W. First Street, Los Angeles, California 90012, defendant Iouri Mikhel, through his attorneys of record, will move for an order authorizing the disclosure of the specific records noted below, and/or an order allowing undersigned counsel, experts, and support staff to view and duplicate such records. Specifically, Mikhel is requesting all records in possession of the Court related to the selection of the grand jury, petit jury venire, and petit jury selection in this case. The documents should be released for inspection and duplication because they are relevant to proceedings under 28 U.S.C. § 2255 and good cause supports their disclosure.

This motion is based on the accompanying Memorandum in Support of Mikhel's Motion to Inspect and Duplicate Court Records, and such other authorities and evidence as may be presented in any reply or supplemental briefing or at any hearing on this motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on August 21, 2023. The Government takes no position on this motion.

Dated: August 22, 2023.

/s/Laura Paul
LAURA PAUL
Counsel for Iouri Mikhel

2

## MEMORANDUM OF POINTS AND AUTHORITIES

The purpose of this motion is to facilitate the evaluation of whether the venire selection process for the grand jury responsible for returning the indictment in this case and the petit jury serving at trial were consistent with the policies of this Court, as enumerated in General Orders 99-08 and 03-12, both of which were entitled "Plan of the United States District Court, Central District of California for the Random Selection of Grand and Petit Jurors" (hereinafter collectively referred to as "Jury Plans"[1]); the Jury Selection and Service Act of 1968, as amended, 28 U.S.C. §1861 et seq., and the Fair Cross Section requirements of the Sixth Amendment.

In support of this motion, Mikhel states the following:

1.     A grand jury convened in June 2001 found true an Indictment charging Mikhel and others with the murder of Alexander Umansky. (Dkt. 33.)  At this time, the 1999 Jury Plan governed the composition of grand juries in the Central District of California.

2.     A grand jury convened in February 2002 found true a First Superseding Indictment, adding additional charges. (Dkt. 100.) At this time, the 1999 Jury Plan governed the composition of grand juries in the Central District.

3.     A grand jury convened in June 2004 found true a Second Superseding Indictment, adding additional charges. (Dkt. 502.) At this time, the 2003 Jury Plan governed the composition of grand juries in the Central District.

4.     Jury selection for the trial of this case began on July 11, 2006. (Dkt. 1103.) At this time, the 2003 Jury Plan governed the composition of petit juries in the Central District.

---

[1] The 1999 and 2003 Jury Plans are essentially identical, with the exception of changes to the rules of exemption for those having recently served on other juries (§ 12(d) in each order) and a change in how qualified, summonsed jurors were drawn once assembled at the courthouse (§ 13.1, 4th paragraph in each order).

3

5.     During all relevant times in this case, the Jury Plans governed the creation and selection of the "Master" and "Qualified" Jury Wheels (from which both grand and petit juries were then drawn). The Jury Wheels were compiled from voter registration data for each Division of the District.

6.     On June 16, 2006, this Court granted the government's unopposed motion for an anonymous jury. (Dkt. 1064.) Undersigned counsel requested disclosure of juror names on June 16, 2020 (Dkts. 2337, 2338), which the Court denied on July 30, 2020. (Dkt. 2375.) The information requested herein does not reveal the identities of the individual jurors.

7.     Mikhel, in consultation with retained experts, has determined that there were disparities in the petit venire which suggests a systemic problem in the construction of the jury wheels used in this case. Specifically, the data analysis has revealed a large and statistically significant disproportionate representation of Hispanic and Black jurors. (Ex. A Decl. of Dr. John Weeks, ¶¶ 5-11.) To evaluate whether any aspect of the venire selection process violated the law, the documents listed below must be examined. *See Taylor v. Louisiana*, 419 U.S. 522, 528 (1975); *Duren v. Missouri*, 439 U.S. 357 (1979). Dr. Weeks' declaration (Ex. A) explains the reasoning in support of each requested document.

8.     Mikhel now requests that the Court make available the following documents, either through electronic delivery and/or an order permitting their respective teams to inspect and duplicate the requested documents in person at the courthouse in which they are located.[2]

---

[2] Mikhel will provide appropriate media for electronic duplication to the Court as requested.

4

**GRAND JURY RECORDS**

1.      Any AO-12 form or JS-12 form created which relates to any and all Jury Wheels which were used to summon the grand jurors in this case, as required by 28 U.S.C. § 1863(a) and the Jury Plan.

2.      Any other statistical or demographic analyses produced to ensure the quality and compliance of the Master Jury Wheels and Qualified Jury Wheels that were used to summon grand jurors in this case consistent with the Jury Plan, the Jury Selection and Service Act, and constitutional requirements.

3.      The dates when each Master Jury Wheel used to summon grand jurors, in this case, was created, refilled, or drawn, as described in the Jury Plan.

4.      The calculation that ensures each county within each division is substantially proportionately represented as described in the Jury Plan.

5.      The procedures implemented related to prospective jurors who do not respond to a juror qualification form or have their juror qualification form returned from the Postal Service as undeliverable.

6.      The dates when grand jurors were summoned in this case.

7.      The number of persons summoned from each Qualified Jury Wheel to be considered as grand jurors in this case.

8.      The orders requesting the drawing of grand jurors in this case.

9.      The procedures for persons deferred to a different service date. If there is such a procedure, please describe the procedure used once the deferred juror attends on the deferral date including their order of consideration.

10.     The requests for source data (voter registration lists) as described in the Jury Plan and the response including the name, agency, and contact information.

11.     The name, contact information, and description of work for any vendors who participated in creating the Master Jury Wheel or Qualified Jury Wheel.

5

12.     The selection instructions and declaration maintained by the Court for each Master Jury Wheel and each Qualified Jury Wheel.

13.     Any correspondence, specifications, or descriptions, whether internal or with parties outside the court such as vendors, regarding the creation of the Master Jury Wheel or Qualified Jury Wheel.

14.     The District and all Divisional Jury Wheel data for each division as described in the Jury Plan in electronic and accessible form that includes Juror Identification Number, Zip Code, Race, Gender, Hispanic Ethnicity, Year of Birth, County, and Jury Division. This data should include and identify any special or supplemental District or Division Master Jury Wheels.

15.     The District and all Divisional Qualified Jury Wheel data for each division as described in the Jury Plan in electronic and accessible form that includes Juror Identification Number, Zip Code, Race, Gender, Hispanic Ethnicity, Year of Birth, County, and Jury Division. This data should include and identify any special or supplemental District or Division Qualified Jury Wheels.

16.     Data for potential jurors who were selected from the Master Jury Wheel for qualification who either had their qualification form returned by the postal service, did not respond, or were disqualified or exempted or excused from jury service or qualified for jury service as described in the Jury Plan. The data should be in electronic and accessible form that includes Juror Identification Number; whether the form was returned Undeliverable, or whether the form was not returned; the Reason for Disqualification, Exemption, or Excuse; Qualification; Race; Gender; Hispanic Ethnicity; Year of Birth; Zip Code; City; County; and Jury Division.

17.     To the extent it is not supplied otherwise, the information in items #14, #15, and #16 above for the relevant Jury Wheels, including any special or supplemental wheels.

18. Any number or code assigned to individuals for persons selected as potential grand jurors in this case.

19. Any number or code assigned to individuals for persons summoned as potential jurors for all purposes from the Master Jury Wheel.

20. The source of data (Master Source List) in electronic form for the Master Jury Wheel used to summon all of the grand jurors in this case. The data should include, as available, Juror Identification Number, Zip Code, Race, Gender, Hispanic Ethnicity, Year of Birth, County, and Jury Division.

21. The juror qualification and summons forms for persons summoned to potentially become grand jurors in this case.

22. The disposition of each summoned potential grand juror in this case as to excusal, deferment, disqualification, or selection as described in the Jury Plan.

**PETIT JURY RECORDS**

1. Any AO-12 form or JS-12 form created which relates to the Source Lists, Master Jury Wheels, and Qualified Jury Wheels that were used to summon the trial jurors in this case, as required by 28 U.S.C. § 1863(a).

2. Any other statistical or demographic analyses produced to ensure the quality and compliance of the Master Jury Wheels and Qualified Jury Wheels that were used to summon trial jurors in this case with the Jury Plan, Jury Selection and Service Act, and constitutional requirements.

3. The date when the Master Jury Wheel that was used to summon trial jurors in this case was created, refilled, or drawn, as described in the Jury Plan.

4. The calculation that ensures each county within each division is substantially proportionately represented as described in the Jury Plan.

5. The procedures implemented related to prospective jurors who do not respond to a juror qualification form or have their juror qualification form returned from the Postal Service as undeliverable.

6.      The date when trial jurors were summoned in this case.

7.      The number of persons summoned from the Qualified Jury Wheel to be considered as trial jurors in this case.

8.      The order requesting the drawing of trial jurors in this case.

9.      The procedures for persons deferred to a different service date. If so, please describe the procedure used once the deferred juror attends on the deferral date including their order of consideration.

10.     The request for the source data (voter registration lists) as described in the Jury Plan and the response, including the name, agency, and contact information.

11.     The name, contact information, and description of work for any vendors who participated in creating the Master Jury Wheel or Qualified Jury Wheel.

12.     The selection instructions and declaration maintained by the Court for each Master Jury Wheel and each Qualified Jury Wheel.

13.     Any correspondence, specifications, or descriptions, whether internal or with parties outside the court such as vendors, regarding the creation of the Master Jury Wheel or Qualified Jury Wheel.

14.     The District and all Divisional Master Jury Wheel data for each division as described in the Jury Plan in electronic and accessible form that includes Juror Identification Number, Zip Code, Race, Gender, Hispanic Ethnicity, Year of Birth, County, and Jury Division. This data should include and identify any special or supplemental District or Division Master Jury Wheels.

15.     The District and all Divisional Qualified Jury Wheel data for each division as described in the Jury Plan Section 8 in electronic and accessible form that includes Juror Identification Number, Zip Code, Race, Gender, Hispanic Ethnicity, Year of Birth, County and Jury Division. This data should include and identify any special or supplemental District or Division Qualified Jury Wheels.

8

16.    Data for potential jurors who were selected from the Master Jury Wheel for qualification who either had their qualification form returned by the postal service, did not respond or were disqualified or exempted or excused from jury service, or qualified for jury service as described in the Jury Plan. The data should be in electronic and accessible form that includes Juror Identification Number, whether the form was returned Undeliverable, whether the form was not returned, Reason for Disqualification /Exemption /Excuse Qualification, Race, Gender, Hispanic Ethnicity, Year of Birth, Zip Code, City, County, and Jury Division.

17.    To the extent it is not supplied otherwise, the information in items #14, #15, and #16 above for the petit Jury Wheel in this case, including any special or supplemental wheels.

18.    Any number or code assigned to individuals for persons selected as potential petit jurors in this case.

19.    Any number or code assigned to individuals for persons summoned as potential jurors for all purposes from the Master Jury Wheel.

20.    The source of data (Master Source List) in electronic form for the Master Jury Wheel used to summon all of the grand jurors in this case. The data should include, as available, Voter Identification Number, Zip Code, Race, Gender, Hispanic Ethnicity, Year of Birth, County, and Jury Division.

21.    The juror qualification and summons forms for persons summoned to potentially become petit jurors in this case.

22.    The disposition of each summoned potential petit juror in this case as to excusal, deferment, disqualification, or selection as described in the Jury Plan.

23.    Any documents not specifically named herein but responsive to the request for all records in possession of the court related to the selection of the Master Source List, the Master Jury Wheels for all relevant years, the grand and petit jury venires

9

selected for this case, and all aspects of jury selection, including but not limited to any notes made by the Court or its staff with regard to the grand or petit juries.

24.    If the court is not in possession of the requested documents, Mikhel requests an affirmative statement, in writing, indicating that the requested documents are not in the possession of the U.S. District Court. If the documents were destroyed, Mikhel requests information regarding the date of the destruction, the reason for the destruction, and the name of the person who destroyed them.

Therefore, Mikhel respectfully requests that the Court grant this Motion and enter an order requiring the Clerk to transmit responsive records electronically, or, in the alternative, allowing Mikhel's defense team to inspect and duplicate such records at the courthouse in which they are located.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

C. PAMELA GÓMEZ
AJAY V. KUSNOOR
LAURA PAUL
Deputy Federal Public Defenders

DATED:  August 22, 2023          By  /s/ Laura Paul

LAURA PAUL
Deputy Federal Public Defender
Attorneys for Petitioner
MIKHEL IOURI

10